SCHEB, Acting Chief Judge.
Defendant Isaac Lamar Hall appeals his judgments and sentences for delivery of phencyclidine, carrying a concealed firearm, and two counts of delivery of cannabis. The only question we address is whether the trial court erred in exceeding the sentencing guidelines based on an impermissible reason for departure.
On November 6, 1981, the trial court placed defendant on two concurrent five-year terms of probation for delivery of phencyclidine and carrying a concealed firearm. In June 1984, a probation officer alleged by affidavit that defendant had violated probation by possessing and selling marijuana. The state charged defendant with two counts of delivery and two counts of possession of cannabis. Defendant pled guilty to the violation of probation and to the two counts of delivery of cannabis. The possession counts were nol-prossed.
The guidelines scoresheet recommended a presumptive sentence of community control or twelve to thirty months incarceration. The trial judge departed from the guidelines and sentenced defendant to five years on each of the two original offenses and five years on each count of delivery of cannabis, all counts to be served consecutively. In the written reasons for departure, the judge noted that defendant had admitted violating probation, had a prior criminal history, and had exhibited a pattern of criminality.
Defendant argues that his prior record cannot be used as a reason for departure pursuant to Hendrix v. State, 455 So.2d 449 (Fla.1985). Thus, he contends that the state must show beyond a reasonable doubt that the absence of this invalid reason would not have affected the departure sentence, or the cause must be remanded for resentencing. Albritton v. State, 458 So.2d 320 (Fla.1985).
The state responds that at the sentencing hearing the judge instructed that a written order be prepared emphasizing defendant made “two sales while on probation for a sale.” Furthermore, the state notes that the violation of a substantive condition of probation is a proper reason for departure. Hernandez v. State, 457 So.2d 1155 (Fla. 2d DCA 1984); Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). Consequently, the state asserts that the impermissible reason did not affect the departure sentence.
We agree with the state’s position. From a reading of the transcript of the sentencing hearing and the written reasons for departure, we are convinced that the judge’s primary concern was defendant’s violation of probation. Therefore, it is evident beyond a reasonable doubt that the judge would have imposed the same sentences without considering any other reason. Albritton; Hendrix. See also Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985).
We find no merit to defendant’s other contention that the trial court sentenced defendant in excess of the statutory maximum by ordering him to serve his sentences consecutively.
Accordingly, we affirm defendant’s convictions and sentences.
DANAHY and CAMPBELL, JJ„ concur.