484 So.2d 102 (1986)
Kenneth W. CORUM, Appellant,
v.
STATE of Florida, Appellee.
No. BG-343.
District Court of Appeal of Florida, First District.
March 10, 1986.
Larry G. Bryant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John Tiedemann, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Corum appeals sentences after guilty pleas on two counts of burglary of conveyances and two counts of grand theft. The trial judge departed from the Guidelines sentence of "any non-state prison sanction" and sentenced appellant to 18 months incarceration on three of the counts to run concurrently, and two years community control on the final count, to be served upon release from prison. The following notation was made by the judge on the scoresheet under the reasons for departure section: "Prior records, Probation before, Number of Crimes, this."
The appellate courts of the State have been given the responsibility of determining whether the trial court has articulated clear and convincing reasons for departing from the Guidelines' sentence. While brevity is oftentimes a virtue which should be encouraged, even in judicial proceedings, it should be apparent that we cannot reasonably be expected to properly perform our review function where the reasons given for departure are abbreviated in the extreme as in the instant case. Compare Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984); Napoles v. State, 463 So.2d 478 (Fla. 1st DCA 1985). Even were we to consider the transcript of the sentencing hearing as an aid in explaining what the judge meant, compare Hall v. State, 478 So.2d 385 (Fla. 2nd DCA 1985), the transcript in the instant case is of no help in that respect.
The reasons given are neither clear nor convincing. Accordingly, the appellant's sentences are vacated and the cause is remanded for resentencing. The trial court may reimpose sentences outside the Guidelines *103 if the court states in writing clear and convincing reasons for doing so.
REVERSED and REMANDED.
SHIVERS and JOANOS, JJ., concur.