490 So.2d 122 (1986)
Elton HALE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1391.
District Court of Appeal of Florida, Second District.
May 7, 1986.
Rehearings Denied June 23, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Elton Hale, appeals from the trial court's order sentencing him beyond the sentencing guidelines' presumptive range as a result of the determination, reached in accordance with section 775.084, Florida Statutes, that he is a habitual offender.
Hale was convicted of robbery, violative of section 812.13(2)(c), Florida Statutes (1983). After he received notice of the state's intent to treat him as a habitual *123 offender, a hearing was conducted at which the trial court found him to be a habitual offender. At the outset of the hearing the trial court noted Hale's felony conviction within the prior five years. The court also concluded, based in part upon several earlier convictions disclosing a "pattern of behavior of continued robberies, [and] violent crimes," that protection of the public necessitated sentencing Hale to an extended term of imprisonment. As a result, Hale was sentenced pursuant to the habitual offender statute to 25 years of incarceration, which constituted a departure from the sentencing guidelines' recommended range shown by a scoresheet to be 12-17 years of imprisonment.
Hale challenges the trial court's departure from the guidelines asserting that its reliance upon prior felony convictions to justify a habitual offender sentence constitutes impermissible "double dipping" under Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We dealt with and rejected this contention in Ferguson v. State, 481 So.2d 924 (Fla. 2d DCA 1986) and Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986).
We adhere to the view that the creation of guidelines sentencing was not intended to preempt or vitiate sentencing pursuant to the habitual offender statute. See Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985). We find nothing in section 921.005, Florida Statutes, to indicate that consequence, and in the absence of a defined purpose to repeal the habitual offender statute, we are unwilling to ascribe that result to the legislature. The habitual offender statute was tailored to reach particularized circumstances calling for extraordinary penalties in the interest of protecting society. Thus, once the trial court has concluded that a habitual offender sentence is warranted, and it has achieved compliance with section 775.084's prescriptions, the trial court may impose the habitual offender sentence by noting on the scoresheet or in a separate document that departure from the guidelines has occurred and that the defendant has been sentenced pursuant to section 775.084. In that circumstance, departure is not based upon the subsidiary considerations supporting the habitual offender sentence, but rather upon the finding that the defendant is a habitual offender.
In the instant matter, the record supports the trial court's determination to sentence Hale as a habitual offender. Accordingly, the appellant's sentence as well as his conviction are affirmed.
GRIMES, A.C.J., and HALL, J., concur.