489 So.2d 784 (1986)
William M. BOUTHNER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1455.
District Court of Appeal of Florida, Fifth District.
May 8, 1986.
Rehearing Denied June 3, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
The departure sentence in this case was based on the adjudication of the defendant as an habitual offender under section 775.084, Florida Statutes (1983). The adjudication as an habitual felony offender was based on the defendant's criminal record and current conviction which have already been factored into the recommended guideline sentence. Since there is no additional clear and convincing reason this departure sentence was inconsistent with Hendrix v. State, 475 So.2d 1218 (Fla. 1985). See Moultrie v. State, 488 So.2d 558 (Fla. 5th DCA 1986); Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986). In addition a notation on the guidelines scoresheet that the defendant was "sentenced as an habitual offender with necessary findings of fact by the court" does not *785 comply with State v. Jackson, 478 So.2d 1054 (Fla. 1985). The reasons stated at the sentencing hearing and transcribed in the record do not fulfill the purpose of Rule 3.701(d)(11). Accordingly the conviction is affirmed but the sentence vacated and this matter remanded for resentencing consistent with this opinion.
SENTENCE VACATED; REMANDED.
UPCHURCH and COWART, JJ., concur.