491 So.2d 323 (1986)
Victor BAUZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2108.
District Court of Appeal of Florida, Third District.
July 15, 1986.
Mel Black, for appellant.
Jim Smith, Atty. Gen., and Richard E. Doran and Michele Crawford, Asst. Attys. Gen., Tallahassee, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Agreeing that the points presented in furtherance of Defendant Bauza's appeal demonstrate his entitlement to the relief sought, we reverse his convictions and sentences for attempted second degree murder, § 777.04, Fla. Stat. (1983); § 782.04, Fla. Stat. (Supp. 1984), shooting or throwing a deadly missile into an occupied building or vehicle, § 790.19, Fla. Stat. (1983), and unlawful possession of a firearm while engaged in a criminal offense, § 790.07, Fla. Stat. (1983). We hold that the trial court erred in several significant respects: 1) determining the voluntariness of Bauza's confession without regard to the circumstances surrounding the confession; 2) excluding photographic evidence without first conducting a full Richardson inquiry, Richardson v. State, 246 So.2d 771 (Fla. 1971); 3) failing to prepare a written order stating reasons for the court's departure from sentencing guidelines; and 4) predicating the departure on invalid grounds. We address each of these errors in turn.
First, we consider the trial court's conclusion that Bauza's confession was made voluntarily. Bauza maintains that injuries he sustained at the hands of the police during and shortly after his arrest placed him in fear of additional consequences should he refuse to confess. During the suppression hearing, a registered nurse, who was present at Jackson Memorial Hospital when Bauza was brought in for treatment *324 after the arrest, testified that Bauza had suffered bruises and a broken toe. Bauza also testified, stating that the officers beat him, dragged him down a four-story stairway, and threatened him. Basing its determination that Bauza's testimony was not credible solely on its conclusion that the tone of Bauza's voice in the recorded statement did not sound fearful, the trial court declined to suppress the confession.
We find error in the court's failure to consider all the pertinent circumstances surrounding the giving of the confession. See Crane v. Kentucky, 476 U.S. ___, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). Before allowing the jury to consider the credibility of a confession, the trial judge renders a decision concerning the voluntariness of the confession. That determination depends on comprehension of the circumstances surrounding the giving of the confession. The trial court admitted that it did not consider the content of Bauza's statement because the confession was made in Spanish, a language the judge does not understand. The purpose of excluding an involuntary confession is to insure that offensive interrogation techniques are not used to secure a conviction, Crane, a goal that cannot be furthered without an examination of the circumstances surrounding the making of a confession. The court's inability to understand the substance of Bauza's statement and its failure to consider the testimony of the nurse and Bauza mandate that we reverse and remand for the trial court to reevaluate the confession after considering all pertinent evidence.
Next, we address the trial court's refusal to permit Bauza's counsel to introduce into evidence photographs of Bauza's injuries to support Bauza's contention that his confession was involuntarily made. The court based its exclusion solely on the fact that the photographs had not been furnished to the state prior to trial. Bauza's counsel explained that he was not aware of the existence of the photographs until the trial. Without conducting a Richardson hearing, the court denied Bauza the use of the photographs at trial. We hold this ruling to be error for two reasons: the court failed to follow the mandatory procedures enunciated in Richardson and rendered its determination without considering whether the state had been prejudiced by the late disclosure; and the court interfered with the jury's ability to assess the credibility of the confession, Crane. Citing Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Crane court reaffirmed the view that evidence regarding the manner in which a confession has been secured "will often be germane to its probative weight, a matter that is exclusively for the jury to assess." Crane, 476 U.S. at ___, 106 S.Ct. at 2145, 90 L.Ed.2d at 644. The trial court's failure to conduct a Richardson hearing deprived it of the opportunity to appraise the necessity for precluding the jury from considering probative evidence. Thus, reversal is required on this ground as well.
While it is not necessary for us to reach the sentencing issues raised, we nevertheless observe that the trial court neglected to justify its departure from sentencing guidelines in a written order; notations on a sentencing guidelines scoresheet do not suffice as a written order.[1]Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986). The state concedes error on this point. Furthermore, at least two of the reasons noted on the scoresheet, use of drugs and "misuse of Bible," do not constitute clear and convincing reasons for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
For these reasons, we reverse and remand for a new trial and for reconsideration of the Motion to Suppress.
Reversed and remanded with directions.
NOTES
[1] The notations on the scoresheet are unsigned. Thus, we cannot determine if they were made by the judge.