492 So.2d 831 (1986)
James WATSON, a/K/a Walter Coleman, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1496.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
James Watson, a/k/a Walter Coleman, timely appeals his sentencing under the habitual offender statute.
In July of 1985 Watson was found guilty of possession of more than 20 pounds of cannabis, in violation of section 893.13(1)(e), Florida Statutes (1985). The state then filed notice of its intention to seek sentencing under the habitual offender statute. A sentencing score sheet was prepared which, when amended, reflected a total score of 114 points, placing Watson within the third cell of thirty months to three-and-a half years' incarceration. At the sentencing hearing, the court orally reviewed Watson's presentence report (which showed that Watson had six prior felonies, as well as eight misdemeanors and a number of juvenile convictions), and stated:
... So he has varied his criminal enterprises from offense to offense instead of staying with a particular type.

*832 I think the habitual offender statute was directed towards the defendant. I should note that he's only thirty-two years of age. I thought he was much older after reviewing the pre-sentence investigation. But it appears he started at a very young age.
So having been adjudicated guilty, it's the judgment of this Court that the sentence will be enhanced. That he does appear to be the type of person that should be enhanced.
The court then sentenced Watson to ten years' imprisonment. The finding was reflected on the score sheet, which noted in the box "Sentence Imposed," "ten years' D.O.C. habitual offender statute."
Section 775.084, Florida Statutes (1985), the "habitual offender" statute, provides, in pertinent part:
(3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual misdemeanant. The procedure shall be as follows:
* * * * * *
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
Appellant argues that sentencing as an habitual offender in the instant case was error for two reasons. First, that there was no specific finding that it was "necessary for the protection of the public from further activity by the defendant," that he be sentenced to an extended term and, second, that there were no specific factual findings that such a sentence was necessary, nor were these findings in writing.
As to the first assertion, during the sentencing hearing the trial court stated, "I think the habitual offender statute was directed towards the defendant... . It appears he started at a very young age... . he does appear to be the type of person that should be enhanced." Although specific "magic words" are not required when it is clear that findings were made that followed the statute, this is not the case here. The statute specifically requires that a finding be made that sentencing within the statute is necessary "for the protection of the public." These statements do not meet that requirement.
As to appellant's second contention, it has been repeatedly held that section 775.084(3)(d) requires specific findings of fact demonstrating on their face that an extended term of imprisonment is necessary to protect the public from the defendant's future criminal behavior. See Walker v. State, 462 So.2d 452 (Fla. 1985); Bogan v. State, 489 So.2d 157 (Fla. 2d DCA 1986); Rosemond v. State, 489 So.2d 1185 (Fla. 1st DCA 1986); Welsh v. State, 486 So.2d 38 (Fla. 2d DCA 1986); Winters v. State, 475 So.2d 1025 (Fla. 1st DCA 1985); Hopkins v. State, 463 So.2d 521 (Fla. 3d DCA 1985); Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984); Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983). A general statement that due to his record it is necessary for the protection of the public to sentence the defendant to an extended term will not satisfy section 775.084(3)(d). See Scott v. State, supra. In the present case, the trial court made general statements about the defendant's PSI. However, it made no specific findings of fact.
Additionally, as appellant's habitual offender status is being utilized as a basis for departure from the presumptive guideline sentence, the lower court should take note of the recent case of Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986). In that case, this court held that in order to use habitual offender status as a basis to depart from the sentencing guidelines, the reasons supporting the habitual offender determination must be clear and convincing reasons for imposing a departure sentence, independent of the defendant's prior criminal record and current offense. Contra Hale v. State, 490 So.2d 122 (Fla. 2d DCA 1986); Ferguson v. State, 481 So.2d 924 *833 (Fla. 2d DCA 1985); Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986).
Appellant also contends that the trial court erred in failing to put the factual bases of the habitual offender determination in writing. In Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986), in reversing a sentence, this court held that "... a notation on the guidelines score sheet that `the defendant was sentenced as an habitual offender with necessary findings of fact by the court' does not comply with State v. Jackson, 478 So.2d 1054 (Fla. 1985)." Reasons orally stated at a sentencing hearing do not fulfill the purpose of 3.701(d)(11). See also Roberts v. State, 402 So.2d 1364 (Fla. 1st DCA 1981), review denied, 412 So.2d 469 (Fla. 1982).
Therefore, the sentence is reversed and remanded to the trial court to either forego sentencing under the habitual offender statute or reimpose such a sentence after making a finding on the record, supported by specific facts delineated in writing, that the extended term of imprisonment is necessary for the protection of the public, and setting forth independent grounds for departure pursuant to Vicknair.
REVERSED and REMANDED.
UPCHURCH, C.J., and ORFINGER, J., concur.