495 So.2d 882 (1986)
Herman SPEIGHTS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1658.
District Court of Appeal of Florida, Second District.
October 10, 1986.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
We affirm appellant's convictions, finding the two points raised by appellant alleging error in regard to his trial to be without merit. We reverse and remand, however, for correction of appellant's sentences *883 inasmuch as we agree with appellant that the trial court erred in departing from the recommended guidelines sentence without stating sufficient clear and convincing reasons therefor.
Appellant was sentenced to ten years for aggravated assault and three life terms for three counts of sexual battery with great force. The trial judge ordered all sentences to run consecutively. The recommended guidelines sentence was life imprisonment. The state argued, inter alia, that the consecutive life sentences plus the ten-year sentence did not exceed the recommended sentence of life since the actual total sentence to be served could be no more than life. We stayed this appeal pending the determination of that issue by our supreme court. That issue has now been decided in the case of Rease v. State, 493 So.2d 454 (Fla. 1986), where it was held, contrary to the position advanced by the state, that consecutive sentences in addition to a life sentence exceed a recommended guidelines sentence of life in prison.
We next look to see if the trial judge stated adequate reasons for departure. The only reasons for departure are found in a notation on the sentencing guidelines scoresheet. While we have not specifically addressed the adequacy of such notations before (Hall v. State, 478 So.2d 385 (Fla. 2d DCA 1985)), we take the opportunity to do so now.
Our colleagues on the Third and Fifth District Courts of Appeal have held that written notations by the judge on the scoresheet do not suffice as a written order. Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986). But cf. Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986). Florida Rule of Criminal Procedure 3.701(d)(11) does not require a separate, written order but only that any sentence outside the guidelines be accompanied by a written statement delineating the reasons for departure. We find that a requirement of a separate, written order would be contrary to the express provisions of the approved form set forth in Florida Rule of Criminal Procedure 3.988 which provides a space at the bottom specifically labeled "reasons for departure." We, therefore, hold that if adequate reasons are listed by the sentencing judge in that space provided on the approved sentencing guidelines scoresheet, a separate written order delineating reasons for departure is unnecessary.
Under "reasons for departure" the trial judge noted "1. Defendant is an habitual felon" and "2. The amount of force and violence used against the victim." While this court has held that a proper adjudication of a defendant as a habitual felon is an adequate reason for departure (Ferguson v. State, 481 So.2d 924 (Fla. 2d DCA 1986); contra Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986)), it appears that the trial judge in this case did not properly adjudicate appellant as a habitual felon. On each sentencing form for the four offenses of which appellant was convicted there appears under "Special Provisions" a notation to be made if appellant was being adjudicated a habitual felon. None of the sentencing documents include that notation as having been made.
Finally, in regard to the departure reason relating to the amount of force and violence used against the victim, the sexual battery charges of which appellant was convicted were each sexual battery with great force as specified in section 794.011(3), Florida Statutes (1983). However, on the guidelines scoresheet under "Victim Injury" the sexual batteries are factored in at the "Penetration or Slight Injury" level. In either circumstance, the amount of force and violence causing injury to the victim was already factored in the recommended guidelines sentence and was, therefore, insufficient to support a sentence in excess of the recommended sentence. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
We, therefore, affirm appellant's convictions but remand for resentencing within *884 the recommended guidelines in accordance with this opinion.
GRIMES, A.C.J., and RYDER, J., concur.