PER CURIAM.
The appellant, Ricky Colvin, appeals his convictions on charges of trafficking in cocaine and possession of narcotic paraphernalia and the resulting judgments and sentences. After reviewing the briefs and record on appeal, we find no merit in appellant’s argument as it pertains to his convictions or adjudication of guilt. We do, however, find merit in the appellant’s contention that the trial court’s written reasons for departing from the presumptive guidelines sentence are invalid.
The appellant was charged by information with one count of trafficking by possession of twenty-eight or more grams of cocaine in violation of section 893.135, Florida Statutes (1983), one count of grand theft of an automobile in violation of section 812.014, Florida Statutes (1983), and one count of possession of drug paraphernalia, a free base pipe, in violation of section 893.147, Florida Statutes (1983). Following the presentation of the state’s evidence, the trial court granted appellant’s motion for judgment of acquittal on the grand theft charge. The jury returned a verdict of guilty as charged on the remaining counts.
On the trafficking charge, the trial court fined the appellant $25,000 and sentenced him to ten years imprisonment including the three year minimum mandatory sentence provided by section 893.135(1)(b)1, Florida Statutes (1983). On the possession of paraphernalia charge, the appellant was sentenced to one year imprisonment to run concurrently with the trafficking sentence. Both sentences allowed a total of 154 days credit for time served. The sentencing guidelines scoresheet reflected a recommended sentence of three-and-one-half to four-and-one-half years. The following *120 reasons for departure were noted on the bottom of the scoresheet:
(1) Large scale organized scheme of criminal conspiracy to distribute drugs in Polk County;
(2) Prior history of drug abuse;
(S) Large amount of cocaine found in the car.
If the reasons noted on the bottom of the scoresheet had been valid reasons for departure, a separate written statement of reasons for departure would not have been necessary. See Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986). None of the reasons noted on the scoresheet, however, are valid clear and convincing reasons for departure.
First, the “large scale organized scheme of criminal conspiracy to distribute drugs in Polk County” seems to refer to a crime which was not charged and for which no conviction had been obtained. Fla.R.Crim.P. 3.701(d)(11); see also, Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986). As to appellant’s “prior history of drug abuse,” any prior conviction for drug abuse should have been factored into the score-sheet and therefore would have been an impermissible reason for departure under Hendrix v. State, 475 So.2d 1218 (Fla.1985). If no conviction for drug abuse had previously been obtained, this would have been an invalid reason under Florida Rule of Criminal Procedure 3.701(d)(11). Third, the state concedes that “the large amount of cocaine found in the car” is an impermissible reason. Clearly, because the appellant was charged with possession of at least twenty-eight grams but not more than 200 grams, and the evidence presented at trial indicated that the appellant was at most in possession of slightly over fifty-six grams, the quantity was not so great as to justify departure. See Gallo v. State, 483 So.2d 876 (Fla. 2d DCA 1986).
We, therefore, reverse appellant’s sentences and remand for resentencing within the guidelines. We affirm the trial court, however, in all other respects.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.