501 So.2d 150 (1987)
James Michael KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-114.
District Court of Appeal of Florida, First District.
January 23, 1987.
*151 Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Knight appeals from his sentences. He asserts that the trial judge (1) improperly departed from the sentencing guidelines; (2) reversibly erred in sentencing appellant on the basis of an incorrect scoresheet; and (3) reversibly erred in imposing costs under *152 Section 27.3455(1), Florida Statutes (1985), without first determining appellant's indigency. We agree with appellant's contentions and reverse the sentences.
On July 19, 1985, appellant was charged with three counts of uttering a forged instrument, a Category 6 offense under the guidelines. All of the alleged offenses occurred in May 1985. Appellant pled guilty to two counts and the third count was dropped pursuant to a plea agreement.
Appellant's scoresheet reflected an assessment of 55 points for eleven prior Category 6 convictions. At the sentencing hearing, this was reduced to 45 points for nine offenses. This assessment resulted in a maximum sentence under the guidelines of five years.
The trial judge departed from the guidelines range of five years by sentencing appellant to five years on each count to run consecutively. The only written reasons for departure from the guidelines were in the form of handwritten notations located at the bottom of the sentencing guidelines scoresheet in a space labeled "Reasons for departure." The notations were:
Has failed to satisfactorily complete probation;
Has continued same course of criminal conduct after spending time in prison  obvious the defendant intends to continue criminal conduct.
In addition, the trial court imposed costs in the sum of $200.00 pursuant to Section 27.3455(1), Florida Statutes (1985). Appellant moved for a determination of indigency but the trial judge denied the motion, finding that the time of sentencing is not the appropriate time to make an indigency determination under Section 27.3455(1).
Appellant first maintains that the trial judge improperly departed from the sentencing guidelines because (1) the reasons for departure were in the form of handwritten notations on the scoresheet, which appellant contends is insufficient to meet the standard of State v. Jackson, 478 So.2d 1054 (Fla. 1985), and (2) none of the court's reasons for departure was clear and convincing.
We disagree with appellant's interpretation of Jackson. The mere fact that the reasons for departure were listed in the form of handwritten notations on the scoresheet is insufficient to render a trial judge's departure from the guidelines improper. As recognized by the court in Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986):
Florida Rule of Criminal Procedure 3.701(d)(11) does not require a separate, written order but only that any sentence outside the guidelines be accompanied by a written statement delineating the reasons for departure. We find that a requirement of a separate, written order would be contrary to the express provisions of the approved form set forth in Florida Rule of Criminal Procedure 3.988 which provides a space at the bottom specifically labeled "reasons for departure." We, therefore, hold that if adequate reasons are listed by the sentencing judge in that space provided on the approved sentencing guidelines scoresheet, a separate written order delineating reasons for departure is unnecessary.
We recognize direct conflict with the contrary holdings of the Third and Fifth District Courts of Appeal in Mortimer v. State, 490 So.2d 93 (Fla. 3rd DCA 1986), Bauza v. State, 491 So.2d 323 (Fla. 3rd DCA 1986), and Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986).[1]
However, we agree with appellant's assertion that the reasons listed by the trial judge are not clear and convincing. The court's first reason refers to appellant's status as a probationer which was already scored under "legal constraint." The court's second reason for departure, *153 namely, appellant's continuing course of criminal conduct, was already scored against appellant under "prior record."[2] It is apparent that the two reasons advanced by the trial court allude to factors which have already been weighed in arriving at the presumptive sentence and are therefore impermissible. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Accordingly, appellant's sentence should be reversed and the case remanded for resentencing.
Further, we find that the trial judge committed reversible error by sentencing appellant on the basis of an incorrect scoresheet. Appellant's scoresheet, as amended at sentencing, reflects an assessment of 45 points for nine prior Category 6 convictions. This assessment resulted in a total of 99 points for a maximum sentence under the guidelines of five years. It is apparent in the instant case that the 45-point assessment for appellant's prior Category 6 convictions included misdemeanor convictions because appellant's prior record consists of three felony and ten misdemeanor convictions.
It is improper to calculate prior misdemeanor convictions as same-category offenses. Rutledge v. State, 489 So.2d 179 (Fla. 1st DCA 1986), and Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). Because appellant had only three felony convictions, he could properly have been assessed no more than 15 points for prior Category 6 convictions. This correct assessment would have placed appellant in a lower sentencing range, resulting in a recommended maximum sentence of three years.
Moreover, we find that the lack of a contemporaneous objection in this case does not preclude appellate review of the above sentencing error. In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), the Supreme Court held that sentencing errors which produce an illegal sentence or unauthorized departure from the sentencing guidelines do not require a contemporaneous objection. In the instant case, the sentencing error produced an unauthorized departure sentence. Although the trial judge did provide written reasons for his departure from the guidelines, these reasons, as previously discussed, were not clear and convincing. Hence, the impact of the error was that the trial court departed from the guidelines without giving the mandatory clear and convincing reasons for departure and, under Whitfield, the sentencing error could therefore properly be raised on appeal even though no contemporaneous objection was made.
Appellant further maintains that the trial judge reversibly erred in imposing costs against him under Section 27.3455(1), Florida Statutes (1985). Appellant argues that the imposition of costs in this case violated (1) constitutional ex post facto principles, (2) equal protection principles, and (3) the language of the statute itself. We reject appellant's arguments except that we find that the court erred in imposing costs under the above section without first determining his indigency.
First, appellant asserts that constitutional ex post facto principles were violated since the offenses for which appellant was sentenced occurred prior to the effective date of the statute. The offenses occurred in May 1985 and the statute became effective on July 1, 1985. However, appellant's ex post facto argument cannot be addressed by this Court because appellant did not raise this issue before the trial judge. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986).
Second, appellant asserts that the imposition of costs in the present case violates equal protection principles. Appellant does not argue that the statute is facially unconstitutional. In fact, appellant states in his brief that because the statute provides for community service hours for indigent defendants in lieu of the imposition of costs, the statute does not violate equal protection principles. Rather, appellant maintains that it was the unconstitutional application of the statute to him that violated equal protection principles. Appellant *154 asserts that the trial judge, by refusing to waive costs as to the appellant, in effect imposed imprisonment on an indigent for the nonpayment of fines, which has repeatedly been condemned as invidious discrimination and an unconstitutional violation of the equal protection clause of the Fourteenth Amendment.
However, the issue of the unconstitutional application of a statute to the facts of a particular case must first have been raised at the trial level. Trushin v. State, 425 So.2d 1126 (Fla. 1982); Manning v. State, 461 So.2d 1025 (Fla. 4th DCA 1985). Appellant failed to raise his equal protection challenge to the trial court and therefore waived his right to raise such a challenge for the first time on appeal.
Nevertheless, we find that the trial court erred in denying appellant's request to determine his indigency before imposing costs under Section 27.3455. We have previously so held. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986); Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); and Noland v. State, 489 So.2d 873 (Fla. 1st DCA 1986).
Accordingly, we reverse appellant's sentences and the imposition of costs, and remand for resentencing consistent with this opinion.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] We note that in Bauza, supra, the Third District cited to our decision in Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986) for the proposition that "notations on a sentencing guidelines scoresheet do not suffice as a written order." Such is a misreading of Corum. We did not hold that an order separate and apart from the judge's scoresheet notations was necessary. We merely held that the judge's sparse scoresheet notes were insufficient in that case.
[2] Compare Rago v. State, 498 So.2d 584 (Fla. 2nd DCA 1986) ("timing of offenses").