PER CURIAM.
We have jurisdiction to consider the petition of Jose Luis Hernandez for a writ of habeas corpus predicated on ineffective assistance of appellate counsel. Smith v. State, 400 So.2d 956 (Fla.1981); Peri v. State, 458 So.2d 62 (Fla. 3d DCA 1984); see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record demonstrates that appellate counsel failed to provide effective assistance: he did not challenge on direct appeal the sentence imposed by the trial court outside sentencing guidelines even though the trial court neglected to provide clear and convincing written reasons for departure. State v. Chaplin, 490 So.2d 52 (Fla.1986); State v. Whitfield, 487 So.2d 1045 (Fla.1986); State v. Jackson, 478 So.2d 1054 (Fla.1985); Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Mortimer v. State, 490 So.2d 93 (Fla. 3d DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986); Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986); Fla.R. *164 Crim.P. 3.701(d)11; but cf. Speights v. State, 495 So.2d 882, 883 (Fla. 2d DCA 1986) (“if adequate reasons are listed by the sentencing judge in that space provided on the approved sentencing guidelines scoresheet, a separate written order delineating reasons for departure is unnecessary”); see also Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986). Finding merit in petitioner’s contention, we grant the relief sought.
We note that the trial court correctly recognized that the five-year mandatory minimum sentence prescribed by section 893.135, Florida Statutes (1983), takes precedence over the recommended guidelines sentence. Vanover v. State, 498 So.2d 899 (Fla.1986); Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985); Fla.R. Crim.P. 3.701(d)9; see also Pedraza v. State, 493 So.2d 1122 (Fla. 3d DCA 1986). Here, however, the trial court’s sentence exceeded both the guidelines and mandatory minimum sentence. We therefore grant the petition, vacate the sentence, and remand the cause to the trial court for resen-tencing. On remand, the trial court should either resentence Hernandez within the guidelines as modified by the minimum mandatory requirement or demonstrate by clear and convincing written reasons its grounds for departure.
Petition granted; sentence vacated; remanded for resentencing.