SHIVERS, Judge.
Appellant, Cathern Vogtsberger, appeals a sentence imposed pursuant to the sentencing guidelines, raising three issues: (1) that the trial court erred in failing to prepare a separate order stating its reasons for departure; (2) that the reasons for departure listed on the guidelines scoresheet were not clear and convincing; and (3) that the trial court erred in imposing costs pursuant to section 27.3455, F.S. We affirm in part, reverse, and remand.
Appellant and a codefendant were originally charged by information with one count of felony abuse or neglect of an aged or disabled person, pursuant to section 827.09(1), and with one count of aggravated battery. Both charges were alleged, in the information, to have occurred “between the first day of June, 1985, and the fifth day of August, 1985, a better time thereto being unknown to the State Attorney.” Appellant entered a plea of guilty to Count One and to the lesser included offense of simple battery on Count Two. After a sentencing hearing held on March 24, 1986, the trial *986 court departed from the recommended guideline sentence of any nonstate prison sanction, and sentenced appellant to four years in the Department of Corrections on Count One, six months in County Jail on Count Two (to run consecutively to Count One), $200 in costs, and $3,500 in restitution. Under the “Reasons for Departure” section of the scoresheet, the trial judge made the following notations:
1. Severity of injury to victim
2. Authoritative position of defendant over victim
3. Helplessness of victim
4. Extended period of time of abuse
Any of the above as well as the total.
The first argument raised by the appellant is that the court erred in failing to enter a separate, written order stating his reasons for departure. We disagree. In Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986), we held that the notation “prior records, probation before, number of crimes, this,” written at the bottom of the sentencing guidelines scoresheet was insufficient to allow appellate review. The holding in that case, however, was based on the extremely abbreviated form of the notations, not on the fact that they were written on the scoresheet. Since the reasons in the instant case are stated in a manner that allows adequate appellate review, we see no reason for requiring them to have been stated in a separate order. See Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987), Thome v. State, 496 So.2d 891 (Fla. 2d DCA 1986), and Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986). But see Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986) and Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986).
Appellant next argues that, assuming the writing to be sufficient, each of the four reasons for departure were insufficiently clear and convincing. We agree. Reason 1, the severity of injury to the victim, is invalid under Hendrix v. State, 475 So.2d 1218 (Fla.1985) since 16 points for moderate victim injury had already been factored into the scoresheet in arriving at the presumptive sentence. Reasons 2 and 3 are invalid in the instant case as they are both inherent components of a violation of section 827.09(1), as charged in Count One of the information. And reason 4, the extended period of time of abuse, is invalid under Fla.R.Crim.P. 3.701(d)(ll), which prohibits the use of factors relating to the instant offense for which convictions have not been obtained. Kokx v. State, 498 So.2d 534 (Fla. 1st DCA 1986) and Dowling v. State, 495 So.2d 874 (Fla. 5th DCA 1986).
Last, appellant presents two arguments in support of her contention that the trial court erred in imposing costs pursuant to section 27.3455(1): (1) that the statute may not be applied to crimes committed prior to its effective date of July 1, 1985, and (2) assuming the statute was not applied retroactively, that the court erred in failing to determine appellant’s indigen-cy prior to imposing costs. First, appellant’s ex post facto argument is barred from review by her failure to raise the issue before the trial judge. This court has held, in Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986), that the ex post facto application of section 27.3455(1) does not constitute fundamental error, and requires a contemporaneous objection at the trial level in order to preserve the issue for appellate review. Assuming the statute was properly applied, however, the trial court’s failure to determine appellant’s indi-gency prior to assessing costs requires reversal. Slaughter v. State, supra.
Accordingly, we reverse appellant's sentence and the imposition of costs and remand to the trial court for resentencing and for a determination of indigency.
ERVIN and ZEHMER, JJ., concur.