509 So.2d 1208 (1987)
Joey Lee HIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0491.
District Court of Appeal of Florida, Fourth District.
July 1, 1987.
*1209 Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of sexual battery, aggravated battery, battery on a police officer, and kidnapping, for which he suffered sentences of two terms of life in prison, thirty years in prison and ten years in prison, all to run consecutively. From the judgment of conviction and sentence he has perfected this appeal presenting four appellate points.
The criminal episodes involved commenced when Lisa Barlow, a mortgage processor for Atlantic Equity, was exiting the outer door of the ladies' room on the ninth floor of the Concourse Building in West Palm Beach. Appellant pushed his way in, shut the door, ordered Lisa back inside the ladies' room, grabbed her arms and pulled her inside a handicapped person's stall.
Appellant pulled the victim back against the stall handrail, closed and locked the door behind him, stood in front of Lisa Barlow, and ordered her to remove her dress. Appellant then hit Lisa Barlow in the head, tore her dress and underwear off, and put his fingers in her vagina. Prior to committing the sexual battery of Lisa Barlow, appellant violently punched her on the left side of her face several times with such force that the right side of her face was smacked into the wall of the stall. These blows ultimately resulted in the complete closing of her left eye, the need for permanent surgical replacement of her left eye socket, and the beating of her face to a point where it was unrecognizable.
The next thing Lisa Barlow remembered was lying face down outside in the hallway and screaming for help. Appellant was pulling her legs and (surprisingly) yelling for police assistance. Ms. Cutshaw, a coworker, had heard screaming from the bathroom and came to Lisa Barlow's aid. Other workers in the building corroborated hearing screams, saw appellant in the hallway with Lisa, and then saw appellant escaping down the elevator.
Appellant was apprehended nearby and returned to the scene of the crime. While in the police cruiser, appellant became violent, kicked out one of the car windows, and while being removed from the car he kicked Officer Rodgers in her chest.
At trial, appellant contended he had been drinking all day and the night before, was intoxicated and did not remember the events surrounding the crime. The jury verdict found him guilty as charged and, at sentencing, the state adduced evidence of appellant's prior felony conviction for a similar offense of sexual battery for which he had been paroled just six months prior *1210 to the present offense. Based upon 1) psychological trauma of the victim, 2) the fact defendant's doctor testified defendant would commit the same crimes again if he drank alcohol, and 3) his status as an habitual offender the trial court departed from the recommended guidelines sentence of life in prison and sentenced appellant as described above.
Several of the points can be disposed of rather summarily. In the first of those, appellant contends that the court erred in not granting a judgment of acquittal on the kidnapping count. He contends that the movement or confinement of the rape victim was inconsequential and merely incidental to the sexual assault and, thus, inherent in the nature of that crime. We reject that argument because, although a valid legal argument, it is inapposite here for the reason that the evidence shows that much more was done to the victim by way of asportation and confining than was necessary to effectuate the sexual assault. Faison v. State, 426 So.2d 963 (Fla. 1983).
Secondly, appellant suggests that the court erred in failing to give him proper credit for time served prior to conviction. This, too, we reject. Appellant was not entitled to credit on each of the consecutive sentences but, rather, only to credit for time served against the original sentence. Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986); Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974). As required, the trial court gave appellant proper credit against the original sentence.
Appellant presents a more difficult point regarding conviction of both sexual battery and a lesser included offense thereof, aggravated battery.
The information upon which appellant went to trial charged appellant with 1) sexual battery and in the process using actual physical force likely to cause serious personal injury, pursuant to section 794.011(3), Florida Statutes (1983), 2) aggravated battery by causing great bodily harm pursuant to section 784.045(1)(a), Florida Statutes (1983). The thrust of appellant's argument is that the same acts constituting the sexual battery constituted the proof of the aggravated battery. However, as the state points out, the test in determining whether a double jeopardy problem exists is whether the statutory elements of the two crimes differ. The determination is not made by analyzing the allegations or proof in the case. State v. Boivin, 487 So.2d 1037 (Fla. 1986). If a comparison of the statutory elements of each reveals that each requires proof of at least one fact which the other does not, so that each can be committed without necessarily committing the other crime, the one is not a necessarily included offense of the greater crime and double jeopardy problems are not presented. Id.; see also State v. Baker, 456 So.2d 419 (Fla. 1984). When we advert to the statutory elements of sexual battery and aggravated battery, it is immediately apparent that the former requires a sexual attack, while the latter does not; the latter requires actual infliction of great bodily harm, while the former does not. Thus, as stated in Baker:
In determining whether separate convictions may flow from a single event one looks at the statutory elements of the charged crimes, as opposed to the language of the charging document. If each crime, under the respective statutes, requires an element of proof that the other does not, then one is not an included offense of the other. They are separate offenses.
Id. at 420. See also Rotenberry v. State, 468 So.2d 971 (Fla. 1985). In view of the foregoing, we hold that the conviction and sentences for both sexual battery and aggravated battery were proper.
Finally, appellant contends the trial court erred in sentencing him to two life terms, thirty years, and ten years consecutively when the recommended guidelines sentence calls for life imprisonment. The stated reasons for departure were psychological trauma to the victim, the medical prediction that appellant would commit similar crimes again if he drinks alcohol, and *1211 his status as an habitual offender. In our opinion only the first ground, psychological trauma to the victim, utilized by the trial judge constituted a clear and convincing reason for departure in this case.
Habitual offender status has recently been condemned as a basis for departure by the supreme court in Whitehead v. State, 498 So.2d 863 (Fla. 1986). Furthermore, the possibility of the prisoner committing future crimes has been held an invalid ground for departure. McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984).
Finally, the psychological trauma to the victim associated with a sexual battery has been held generally not to be a valid reason for departure because "nearly all sexual battery cases inflict emotional hardship on the victim." Lerma v. State, 497 So.2d 736, 739 (Fla. 1986). Nevertheless, the supreme court approved psychological trauma as a ground for departure in a sexual battery case in Casteel v. State, 498 So.2d 1249 (Fla. 1986), because the emotional trauma there (rape of mother observed by her teen-age son) involved a component not inherent in the crime of sexual battery. The psychological impact of this uncommon turn of events was felt to be so unusual on both or either mother and child that it took the case out of the ordinary and justified a departure. The court noted the provision of Florida Rule of Criminal Procedure 3.701(b)(3): "The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense." In the recent case of State v. Rousseau, 509 So.2d 281 (Fla. 1987), the Supreme Court of Florida has clarified when psychological trauma can and cannot be considered in departing from the guidelines recommended sentence. In a nutshell, the court held that trauma suffered by a victim that is an inherent component of a crime cannot be considered for departure; whereas, psychological trauma arising from "extraordinary circumstances" that are clearly not inherent in the offense charged may properly serve as a clear and convincing reason therefor. Furthermore, the court noted an additional reason justifying departure based on psychological trauma, i.e., when the victim has a discernible physical manifestation resulting from the psychological trauma. The record here clearly establishes that the trauma suffered by the victim could reasonably be viewed as greater than that usually associated with the subject crime and, thus, not a component thereof. The bestiality exhibited by appellant in brutalizing Lisa Barlow to the extent of traumatizing virtually her entire body, fracturing bones in her face, which was beaten to a point where she was unrecognizable, and requiring permanent surgical replacement of her left eye socket, superimposed upon extreme psychological damage[1] clearly justified departing from the guidelines under Rousseau. In view of our disposition of the sentencing problem, Albritton v. State, 476 So.2d 158 (Fla. 1985), the cause should be remanded to the trial court for resentencing in light of this opinion.
Although not raised as a point on appeal, we observe that the trial judge set forth his written grounds for departure in cryptic, notation form on the guidelines sentencing scoresheet under the section *1212 marked "Reasons for departure." If push came to shove, that minimal fulfillment of the mandate to put the reasons in writing might suffice. However, noting the existing dichotomy in the various district courts, where some hold such notations sufficient[2] and others hold they are insufficient,[3] we endorse and highly recommend as the "better way" a more carefully prepared statement that contains a brief statement of the facts that support the court's conclusion and the various clear and convincing reasons for departure. This, we believe, more nearly meets the spirit of the rule as laid out in State v. Jackson, 478 So.2d 1054, 1056 (Fla. 1985), wherein it was stated:
For the first time in this state, a body of law is being developed regarding considerations which may or may not be appropriate in sentencing criminal defendants. This effort would best be served by requiring the thoughtful effort which "a written statement providing clear and convincing reasons" would produce. This, in turn, should provide a more precise, thoughtful, and meaningful review which ultimately will result in the development of better law.
Accordingly, we affirm the judgment of conviction but, in view of the fact that two of the three grounds specified for departure are invalid, following Albritton we remand the cause for reconsideration of the sentence.
GLICKSTEIN and WALDEN, JJ., concur.
NOTES
[1] Appellee's brief describes the psychological impact of this rape upon the victim as follows:

At the sentencing hearing, Barlow testified that the rape had caused her to completely reorganize her life and goals, from a marriage to her then-fiance and children, and a continuing association with the mortgage company, to the absence of a relationship, the loss of her job and money at the time, and the loss of her self-esteem. Furthermore, the facts of the crime reflect the commission of an extremely violent sexual battery; the victim's attempts to escape from Appellant, while being beaten and violently attacked by Appellant, in the presence of her colleagues at the mortgage company; and the mobilization by her office colleagues, to various vantage points in the building and on the balcony, to locate the victim's assailant, while she lay in a colleague's arms, beaten and bleeding.
(Record references omitted.)
[2] Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986); Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987).
[3] Mortimer v. State, 490 So.2d 93 (Fla. 3d DCA 1986); Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986).