517 So.2d 117 (1987)
The STATE of Florida, Appellant,
v.
George Nathan LEMON, Appellee.
No. 87-1334.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
The state seeks review of the trial court's downward departure from sentencing guidelines. Defendant Lemon was charged in a two-count information with depriving an officer of means of protection or communication and resisting an officer with violence to his person. Pursuant to an agreement with the state, the trial court reduced the second count to resisting an officer without violence,[1] defendant pled nolo contendere, and the court adjudicated him guilty of both counts. Although the recommended guidelines sentence was 4 1/2 to 5 1/2 years incarceration, the court sentenced defendant to three months with credit for time served. The state objected to the sentence and filed this appeal. We reverse.
The trial court erred in failing to enter a written statement delineating clear and convincing reasons for sentencing defendant outside the guidelines. § 921.001(6), Fla. Stat. (Supp. 1986); Fla.R.Crim.P. 3.701(b)(6); (d)(11). See State v. Jackson, 478 So.2d 1054 (Fla. 1985). In the space on the guidelines scoresheet marked "Reasons for departure" the scoresheet preparer wrote "victim officer agrees to reducing Count 2 to resisting w/o violence." It is unclear whether that agreement was the reason for the court's departure from the guidelines[2] or merely signified the reason for the state's reduction of the charge.
*118 Consequently, we find that the trial court's downward departure from the guidelines is not supported by clear and convincing reasons. Upon remand, unless defendant chooses to withdraw his plea,[3]see State v. Thomas, 516 So.2d 1058 (Fla. 3d DCA 1987); State v. Williams, 515 So.2d 1051 (Fla.3d DCA 1987); State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987), resentencing must be within the recommended guidelines range.
We therefore vacate the sentence and remand for further proceedings in accordance with this opinion.
Reversed and remanded.
NOTES
[1] On remand the court should correct the judgment to reflect the reduction.
[2] We note that the reduction of a charged offense is not a valid reason for departing from the guidelines. Furthermore, this court, as well as other courts, has stated that notations on a scoresheet do not constitute a sufficient writing as required by rule and statute. State v. Echemeque, 503 So.2d 996 (Fla.3d DCA 1987); Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Mortimer v. State, 490 So.2d 93 (Fla. 3d DCA 1986); Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986); Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986). See also Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987). But see Vogtsberger v. State, 502 So.2d 984 (Fla. 1st DCA), review denied, 511 So.2d 299 (Fla. 1987); Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987); Colvin v. State, 501 So.2d 118 (Fla. 2d DCA 1987); Thorne v. State, 496 So.2d 891 (Fla.2d DCA 1986); Speights v. State, 495 So.2d 882 (Fla. 2d DCA), review denied, 501 So.2d 1283 (Fla. 1986).
[3] The record discloses that the sentence imposed was an important factor in the entry of defendant's plea. At the sentencing hearing the judge asked defendant:

THE COURT: Are you aware of what's going to happen to you today as a result of this plea? In other words, you are going to be given credit for time served, you will be able to go wherever you would like, do you understand that?
THE DEFENDANT: Yes.