UPON APPELLANT’S MOTION FOR REHEARING
WALDEN, Judge.
We grant the Motion for Rehearing and withdraw our opinion which was filed on *1113 December 9, 1987. Substituted is the following:
Willie Barnes was charged with possession of a concealed firearm and received two years probation. Appellant violated the terms of his probation and was sentenced for the crime of possession of a concealed firearm. The recommended guideline sentence for this offense is any nonstate prison sanction. With a one cell “bump-up” for violation of probation pursuant to Rule 3.701(d)(14), Fla.R.Crim.P., the maximum recommended sentence becomes twelve to thirty months incarceration. The appellant was sentenced to three years incarceration.
Here the only written reason for the departure was “violation of probation”. This reason was noted on the sentencing guideline scoresheet. Although no point of it is made in this appeal, we specifically hold that a written notation on the score sheet fulfills the mandate to put the reasons for departure from the sentencing guidelines in writing. See Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985); Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987); Speights v. State, 495 So. 2d 882 (Fla. 2d DCA 1986); Contra Mortimer v. State, 490 So.2d 93 (Fla. 3d DCA 1986); Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986).
We hold that the departure in aggravation that exceeds the guidelines by six months is unlawful and must be reversed. A departure of more than one cell increase must be supported by written reasons other than that it is upon a violation of probation. Mackey v. State, 495 So.2d 916 (Fla. 4th DCA 1986).
Reversal for resentencing within the guidelines recommended range of 12 to 30 months is required. The appropriate appellate remedy when all the written reasons given by the trial judge for departure are invalid is to reverse for resentencing within the guidelines recommended range. Williams v. State, 492 So.2d 1308 (Fla. 1986), State v. Rousseau, 509 So.2d 281 (Fla.1987).
Because of Shull v. Dugger, 515 So.2d 748 (Fla.1987), the trial court may not now supply additional reasons to support the sentence.
Reversed and remanded for sentencing in accordance with this opinion.
DELL and STONE, JJ., concur.