522 So.2d 444 (1988)
Johnnie B. STUBBS, Appellant,
v.
STATE of Florida, Appellee.
No. BT-234.
District Court of Appeal of Florida, First District.
March 11, 1988.
Michael E. Allen, Public Defender, Marie Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
The appellant was convicted of possession of cocaine and sentenced to a term of *445 two years incarceration,[1] an upward departure from the sentence called for in the sentencing guidelines scoresheet. He contends that the trial court erred in denying his motion to suppress and in departing from the guidelines sentence. We affirm the order denying suppression without further discussion. But we reverse the sentence and remand for resentencing.
The trial court gave the following reasons for departure:
1. Defendant has been incarcerated on at least 3 prior occasions for drug related offenses, and was released from prison less than 1 year when these offenses were committed. Prior periods of incarceration did not deter him from committing the same offense again. (See Jean v. State, 455 So.2d 1083 (Fla. 2nd DCA 1984)).
2. Evidence at the trial demonstrated that the Defendant intends to use marijuana on a regular basis, without any excuse, except that he feels he has a "heart condition" which is improved by the use of marijuana. To place a defendant on probation who intends to continue using an illegal drug would be an exercise in futility and violate the required findings for placing a defendant on probation.
In Williams v. State, 504 So.2d 392 (Fla. 1987), the Supreme Court stated:
Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
Id. at 393. We believe that the reasons articulated by the trial judge in paragraph number one above fall within the category described above in Williams.[2]
However, the reasons set forth in paragraph number two are not clear and convincing. In the first place, there is no evidence in the record supporting the factual premise stated in the first sentence. In addition, the second sentence erroneously assumes that the guidelines scoresheet places the defendant in a cell which precludes incarceration. This is not so inasmuch as the defendant scored 59 points which placed him in the cell providing for "any nonstate prison sanction." Thus, the court could have, without departure, sentenced the defendant to a period of incarceration in the county jail.
We are unable to conclude that the trial court would have, beyond a reasonable doubt, imposed the same sentence in the absence of the invalid reasons. We, therefore, reverse the sentence and remand for resentencing under Albritton v. State, 476 So.2d 158 (Fla. 1985).
Judgment affirmed, sentence reversed, and case remanded for resentencing.
SMITH, C.J., and ERVIN, J., concur.
NOTES
[1] Appellant was also sentenced to concurrent six months terms for possession of not more than 20 grams of cannabis and possession of drug paraphernalia, both misdemeanor offenses.
[2] We note that appellant relies in part upon our decision in Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987). However, Knight was decided before the Supreme Court's decision in Williams. Also, Knight did not involve, as here, the timing element of the instant offense relative to the defendant's release from incarceration.