PER CURIAM.
The defendant William Johnson appeals from a judgment of conviction and sentence for grand theft entered below upon an adverse jury verdict. His sole contention on appeal is that the trial court erred in imposing a sentence upon him which departs upward from the sentencing guidelines. The state has filed a brief in which it confesses error in this respect on the ground that the trial court’s written reasons for departing from the sentencing guidelines, which were noted on the sentencing scoresheet,[1] do not constitute a sufficient basis upon which to justify the subject departure. We agree and reverse.
The reasons given by the trial court for departing from the sentencing guidelines do not constitute valid reasons for such a departure. They relate entirely to a crime for which the defendant was acquitted by the jury, and plainly, cannot be used as reasons for departing from the sentencing guidelines on the crime for which the defendant was convicted. See, e.g., McMillan v. State, 478 So.2d 1195 (Fla. 4th DCA 1985).
The final judgment of conviction is, accordingly, affirmed, but the sentence under review is reversed, and the cause is remanded to the trial court with directions to resentence the defendant within the sentencing guidelines.
*1154 Affirmed in part; reversed in part and remanded.

. The state also confessed "error” on the separate ground that the lower court entered no separate written order, apart from rather cryptic notations at the bottom of the guidelines scoresheet, delineating its reasons for departure. This confession was based on a line of cases from this and other districts, decided prior to briefing on this case, which held that writing reasons on guidelines scoresheets did not satisfy the guidelines’ "written statement delineating the reasons for departure” requirement, Fla.R. Crim.P. 3.701(d)(ll). See, e.g., State v. Lemon, 517 So.2d 117, 117 n. 1 (Fla. 3d DCA 1987); State v. Echemeque, 503 So.2d 996 (Fla. 3d DCA 1987); Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Mortimer v. State, 490 So. 2d 93 (Fla. 3d DCA 1986); Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986); Bouthner v. State, 489 So.2d 784 (Fla. 5th DCA 1986); Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986); see also Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987); however, since the time of briefing herein, the Florida Supreme Court, in Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988), held that where, unlike here, the reasons given by the trial court constitute a valid basis for departure, notation of such reasons at the bottom of guidelines scoresheets does not require reversal due to the lack of a separate written order indicating reasons for departure. Id. at 414. Accord Velazguez-Velazguez v. State, 523 So.2d 774 (Fla. 3d DCA 1988).