PER CURIAM.
We relinquished jurisdiction to the trial court for the purpose of allowing it to enter a written statement explaining its reasons for departing below the sentencing guidelines in sentencing the defendant. Our relinquishment having expired, and no written order having been entered, the defendant’s sentence is reversed and the cause is remanded to the trial court for resentencing. See State v. Jackson, 478 So.2d 1054 (Fla.1985). We remind the trial court that Florida Rule of Criminal Procedure 3.701(d)(11) requires that “[a]ny sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure.” We trust that should the trial court upon resentencing again depart from the guidelines, it will comply with the requirements of this rule.
Reversed and remanded.