PER CURIAM.
Wheeler appeals from an order of the trial court denying his motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for resentencing within the guidelines.
While on parole, Wheeler killed a fourteen-year-old boy. Wheeler pled guilty to a reduced charge of second-degree murder with a firearm. The recommended guidelines sentence was twenty-two to twenty-seven years’ incarceration. The trial court sentenced Wheeler to a term of life imprisonment and gave as reasons for its upward departure the youth of the victim and Wheeler’s status as a parolee. Challenging the validity of the trial court’s reasons for departure, Wheeler filed a 3.850 motion to vacate his sentence. His motion was denied, and this appeal followed.
*1009 The age of a victim, without more, is insufficient to support a departure from sentencing guidelines. See Brown v. State, 483 So.2d 537 (Fla. 2d DCA 1986) (advanced age of victim, without more, does not support finding that crime was committed in repugnant manner to warrant guidelines departure); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla.1985).
The fact that Wheeler was on parole when he committed the crime cannot support a departure because his parole status had already been factored into the guidelines scoresheet. Battles v. State, 483 So. 2d 849 (Fla. 1st DCA 1986). See also Watkins v. State, 498 So.2d 576 (Fla. 3d DCA 1986) (no basis for departure from guidelines sentence where defendant’s community control status already factored into guidelines scoresheet). The state’s argument that Wheeler’s legal status as a parolee provides a valid basis for departure under the rationale of State v. Pentaude, 500 So.2d 526 (Fla.1987), is without merit. In Pentaude, the supreme court approved a one-cell departure from the recommended guidelines sentence where the defendant had been found guilty of a probation violation. According to the state, a parolee and a probationer enjoy a similar legal status; that is, the privilege of conditional freedom as an alternative to incarceration. The state, therefore, finds Pentaude equally applicable to a parolee who violates the terms of parole. We disagree. Florida Rule of Criminal Procedure 3.701(d)(14) provides in part that “[t]he sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell.” The rule by its clear terms does not contemplate an upward departure based on parole status.
Reversed and remanded for resentencing within the guidelines.