537 So.2d 144 (1989)
Clayton FERGUSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1615.
District Court of Appeal of Florida, Third District.
January 3, 1989.
Barry Greff, Miami, and Claire Tacher, North Miami Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON, and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant Clayton Ferguson from a sentence exceeding the sentencing guidelines range which was imposed after the defendant's probation was revoked. The defendant Clayton Ferguson was originally placed on five years probation after entering a guilty plea to a series of felony and misdemeanor worthless check charges. Subsequently, his probation was revoked after a hearing on the grounds that he (1) failed to report to the probation intake office, and (2) shoplifted a VCR from a Sears store five and one-half months after being placed on probation. The trial court thereupon sentenced the defendant to fifteen years imprisonment  thereby exceeding the sentencing guidelines range of two and one-half to four and one-half years, which includes the permissible probation revocation one-cell departure without written reasons as provided by Fla. R.Crim.P. 3.701(d)(14).
The written reasons given by the trial court for departing from the sentencing guidelines consisted of the following cryptic notations to the sentencing scoresheet:
"Offenses Escalating See order attached. Heightened Degree of Offense. New offense immediate after Prob. Violation immediate after Prob."
[There is no attached order to the sentencing scoresheet as stated above]. Although it is permissible for a trial court to set out on the sentencing scoresheet its reasons for departing from the sentencing guidelines, see Torres-Arboledo v. State, 524 So.2d 403 (Fla. 1988); Johnson v. State, 524 So.2d 1153 (Fla. 3d DCA 1988); Velazquez-Velazquez v. State, 523 So.2d 774 (Fla. 3d DCA 1988), we believe it is elementary that the reasons so stated must be articulated in a coherent fashion and cannot, as here, consist of cryptic notes with vague and ambiguous references. Cf. State v. Jackson, 478 So.2d 1054, 1056 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987); Hipp v. State, 509 So.2d 1208, 1212 (Fla. 4th DCA 1987). See generally Boynton v. State, 473 So.2d 703, 707 (Fla. 4th DCA) (stressing importance of clear, concisely written findings to the proper development of law by appellate courts), approved, 478 So.2d 351 (Fla. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986). This being so, we hold that the trial court's fragmentary notes on the sentencing scoresheet fail to set out any reasons  valid or *145 invalid  for departing from the sentencing guidelines.[1] A reversal and remand is, accordingly, in order to permit the trial court to enter a more detailed order justifying the sentencing guidelines departure herein. Viera v. State, 490 So.2d 1332 (Fla. 3d DCA 1986).
The sentence under review is reversed, and the cause is remanded to the trial court with directions (1) to enter a more detailed order setting out the reasons for departing from the sentencing guidelines, or (2) to impose a sentence within the sentencing guidelines.
Reversed and remanded.
NOTES
[1] In the prior opinion in this case, filed on July 19, 1988, we reached the merits of the reasons for departure allegedly represented by the notations on the scoresheet; however, upon further reflection, we believe it was error to do so because it required us to read too much  as the state continues to do on rehearing  into the fragmentary scoresheet notations which are wholly inadequate to state any reasons, valid or invalid, for departure in this case.