571 So.2d 99 (1990)
James LATTIMORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2326.
District Court of Appeal of Florida, Third District.
December 18, 1990.
*100 Bennett H. Brummer, Public Defender, and Lawrence J. Stein, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before HUBBART and FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant James Lattimore from final judgments of conviction and sentences for (1) burglary of a dwelling, (2) strong-arm robbery, and (3) grand theft auto, based on an adverse jury verdict. We affirm the judgments of conviction, but reverse the sentences and remand for resentencing, based on the following briefly stated legal analysis.
First, we conclude that a prima facie corpus delicti of a strong-arm robbery was presented in this case, apart from the defendant's confession, and accordingly, the trial court correctly denied the defendant's motion for judgment of acquittal on the robbery charge. The victim complained to the police on a 911 tape that she had "just been robbed" in her house; a photograph of the victim was introduced in evidence showing an injury to her left arm which she had when the police responded to her house after receiving the 911 call; the victim was extremely upset when police responded to the subject call; and the house showed signs of an entry into the house and theft of property therein. See State v. Allen, 335 So.2d 823, 825 (Fla. 1976); Knight v. State, 402 So.2d 435, 436 (Fla. 3d DCA 1981); Ponder v. State, 221 So.2d 437, 438 (Fla. 3d DCA 1969); see also Bates v. State, 465 So.2d 490, 492 (Fla. 1985) (slight victim injury; robbery proved), cert. denied, 484 U.S. 873, 108 S.Ct. 212, 98 L.Ed.2d 163 (1987); Santiago v. State, 497 So.2d 975, 976 (Fla. 4th DCA 1986) (same).
Second, we conclude that the defendant's theft of the victim's automobile was a separate, independent criminal act apart from the strong-arm robbery in the victim's house during which the defendant secured, among other things, the keys to the subject automobile, and thereafter walked outside the house and stole said automobile; accordingly, the trial court correctly denied the defendant's motion for judgment of acquittal on the grand theft auto charge. See Waters v. State, 542 So.2d 1371 (Fla. 3d DCA 1989); Joseph v. State, 316 So.2d 585, 586 (Fla. 4th DCA 1975); see also Carawan v. State, 515 So.2d 161, 170 n. 8 (Fla. 1987) (separate punishments are not prohibited for separate acts). Contra Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981) (on similar facts, holding that since the auto theft resulted from the same force used in obtaining the keys and other personalty, it was a lesser included offense of the robbery), rev. denied, 412 So.2d 470 (Fla. 1982).
Third, we conclude that the trial court erred in sentencing the defendant as an habitual offender under Section 775.084(3), Florida Statutes (1987), because the trial court failed to make a specific finding, as required by the then-effective statute (since amended), that it was necessary for the protection of the public that the defendant be sentenced to an extended term. Donaldson v. State, 519 So.2d 737 (Fla. 3d DCA 1988). Moreover, the reasons given by the trial court for departing from the sentencing guidelines in this case do not justify the subject departure. "Habitual felony offender" was, without dispute, an invalid ground for the sentencing guidelines departure, Whitehead v. State, 498 So.2d 863 (Fla. 1986); "elderly victim," without more, was also invalid ground for the said departure, Wemett v. State, 567 So.2d 882 (Fla. 1990); Wheeler v. State, 525 So.2d 1008, 1009 (Fla. 3d DCA 1988); an "escalating pattern of criminal behavior," while a valid ground for a sentencing guidelines *101 departure, was not shown on this record, in that the defendant's ten prior felony convictions show only a continuous, but not an escalating, pattern of criminal conduct, State v. Jones, 530 So.2d 53, 55 (Fla. 1988); and "short time after being sentenced" is not, in our view, a sufficiently articulated reason for a sentencing guidelines departure as it is entirely too vague. Davis v. State, 517 So.2d 670, 672 n. 1 (Fla. 1987); Ferguson v. State, 537 So.2d 144 (Fla. 3d DCA 1989). Accordingly, the sentences imposed in this case cannot stand.
The final judgments of conviction under review are affirmed. The sentences under review are reversed and the cause is remanded to the trial court with directions to sentence the defendant within the sentencing guidelines.
Affirmed in part; reversed in part and remanded.