[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12951

_____

D.C. Docket No. 1:15-cr-20815-JLK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

DENARD STOKELING,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2017)

Before WILLIAM PRYOR, MARTIN, and BOGGS,[*] Circuit Judges.

PER CURIAM:

This appeal presents the question whether a conviction for Florida robbery,

Fla. Stat. § 812.13, from before Florida passed a "robbery by sudden snatching"

_____

[*] Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation.

statute in 1999, Fla. Stat. § 812.131, categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court did not enhance the sentence of Denard Stokeling under the Act because it held that his robbery conviction was not a violent felony. The United States appealed. Stokeling argues that before 1999, Florida robbery included robbery by sudden snatching, so it did not always require sufficient force to constitute a violent felony. But this argument is foreclosed by our precedents. *E.g.*, *United States v. Fritts*, 841 F.3d 937, 943–44 (11th Cir. 2016). We vacate and remand.

We have held many times that a conviction under the Florida robbery statute categorically qualifies as a violent felony under the elements clause of the Act, even if it occurred before 1999. *See, e.g.*, *id.* at 938, 943–44 (conviction from 1989); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) (conviction from 1974). And in *Fritts*, we specifically rejected the argument that the sudden-snatching statute changed the elements of Florida robbery. 841 F.3d at 942–44. We explained that the Florida Supreme Court has held that Florida robbery "has *never* included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction." *Id.* at 942. "Th[e] new sudden snatching statute was apparently needed *because* . . . []robbery[] did not cover sudden snatching where there was no

2

resistance by the victim and no physical force to overcome it." *Id.* at 942 n.7 (emphasis added).

Our precedents apply to Florida robbery as well as armed robbery because the elements are identical, differing only in what "the offender carried" "in the course of committing the robbery." Fla. Stat. § 812.13. Our precedents rely on the shared force element in section 812.13(1) and do not mention the additional requirements for armed robbery in section 812.13(2). For example, this Court is bound by *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011), which held that "Florida robbery is categorically a crime of violence under the elements of even the least culpable of these acts criminalized by Florida Statutes § 812.13(1)." *Fritts*, 841 F.3d at 941. Stokeling cannot circumvent this holding, even if he presents arguments the prior panel did not consider. *See Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006).

The district court also applied the incorrect method to determine whether a conviction is a violent felony under the Act. The parties agree that the district court erroneously looked to the underlying facts of Stokeling's crime. But the district court should have applied the "categorical approach," which "look[s] only to the elements of the crime, not the underlying facts of the conduct," *United States v. Braun*, 801 F.3d 1301, 1304–05 (11th Cir. 2015).

3

The force element of Florida robbery satisfies the elements clause of the Act. The Act defines a violent felony as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). An element of Florida robbery is "the use of force, violence, assault, or putting in fear," Fla. Stat. § 812.13, which requires "resistance by the victim that is overcome by the physical force of the offender." *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997).

We **VACATE** Stokeling's sentence and **REMAND** for resentencing.

MARTIN, Circuit Judge, concurring:

I agree with the majority that our Circuit precedent dictates that Mr. Stokeling's prior robbery conviction under Fla. Stat. § 812.13 qualifies as a violent felony as that term is defined by the elements clause of the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). See United States v. Fritts, 841 F.3d 937, 943–44 (11th Cir. 2016). However, I believe Fritts was wrongly decided.

The Fritts panel did not engage in the categorical analysis the Supreme Court instructed us to use when deciding whether a person's prior conviction requires a longer sentence under ACCA. When it turned its back on the required categorical approach, the Fritts panel failed to give proper deference to McCloud v. State, 335 So. 2d 257 (Fla. 1976), the controlling Florida Supreme Court case interpreting § 812.13 from 1976 to 1997. In McCloud, Florida's highest court held that taking by "any degree of force" was sufficient to justify a robbery conviction. Id. at 258–59 (emphasis added). The result of the mistakes in Fritts is that people like Mr. Fritts will serve longer prison sentences that are not authorized by law. Although Mr. Stokeling is not one of those people (he was convicted after the Florida Supreme Court decided Robinson v. State, 692 So. 2d 883 (Fla. 1997), which abrogated McCloud's "any degree of force" holding), our reliance on Fritts here gives me the opportunity to talk about what went wrong in that case and why it matters.

5

I.

The ACCA caps a federal prison sentence for a felon in possession of a firearm at ten years.  18 U.S.C. § 924(a)(2).  That is except when the felon has three or more felony convictions, and those felonies are violent or are otherwise serious crimes, his sentence cannot be less than fifteen years.  Id. § 924(e).  The ACCA defines "violent felony" in more than one way.  Id. § 924(e)(2)(B).  The Supreme Court has told us that one of those definitions—the "residual clause"—is unconstitutionally vague.  Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 2557–58 (2015).  As a result, a person's prior robbery conviction can serve as a basis for an ACCA sentence enhancement only if it meets another definition of "violent felony" from what is known as ACCA's "elements clause."  18 U.S.C. § 924(e)(2)(B)(i) ("As used in this subsection . . . the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another.").  So a prior robbery conviction can serve as an ACCA predicate only if it has "as an element the use, attempted use, or threatened use of physical force against the person of another."  Id.

When deciding whether a person's prior conviction qualifies as one requiring a longer sentence under ACCA, courts must first apply what is called the formal categorical approach.  Under this approach, we do not look at the facts that

resulted in the earlier conviction. Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2283 (2013). Instead, Supreme Court precedent requires us to look only to the elements of the statute under which the person was convicted. See Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2251 (2016). We must decide whether, in order to be convicted under a given statute, a person was required to use, attempt to use, or threaten to use physical force against another person.

In keeping with this, I will apply the formal categorical approach to decide whether a conviction under § 812.13 counts as a violent felony under the ACCA. If a defendant could have been convicted under § 812.13 without the use, attempted use, or threatened use of "violent force," Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010) (interpreting "physical force" in the elements clause), or a "substantial degree of force," United States v. Owens, 672 F.3d 966, 971 (11th Cir. 2012) (holding that second-degree rape in Alabama doesn't require "physical force" as defined by Curtis Johnson), against another person, then that defendant's prior conviction under § 812.13 can't be a "violent felony" under the ACCA's elements clause.

In recent years, the Supreme Court has clarified the analytical steps that make up the formal categorical approach. In taking that approach, we must first "presume that the conviction rested upon nothing more than the least of the acts criminalized" by the state statute. Moncrieffe v. Holder, 569 U.S. ___, 133 S. Ct.

1678, 1684 (2013) (alterations adopted and quotation omitted). This is often referred to as the "least culpable conduct." See Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1283 (11th Cir. 2013) (citing Moncrieffe, 133 S. Ct. at 1685). To identify the least culpable conduct criminalized by the statute, we look to the state courts' interpretations of the statute. See Curtis Johnson, 559 U.S. at 138 ("We are [] bound by the Florida Supreme Court's interpretation of state law . . . in determining whether a felony conviction for battery under Fla. Stat. § 784.03(2) meets the definition of 'violent felony' in 18 U.S.C. § 924(e)(2)(B)(i)."); see also United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) ("[W]e look to Florida case law to determine whether a conviction under § 787.02 necessarily involves the employment of 'physical force' as that term is defined by federal law."). And as part of this step, we have to analyze "the version of state law that the defendant was actually convicted of violating." McNeill v. United States, 563 U.S. 816, 821, 131 S. Ct. 2218, 2222 (2011).

Second, after identifying the least culpable conduct, we then have to figure out whether "those acts are encompassed by the generic federal offense." Moncrieffe, 133 S. Ct. at 1684 (alteration adopted). In the elements clause context, this means we examine whether the least culpable conduct involved the use, attempted use, or threatened use of violent force or a substantial degree of force. If

it didn't, then under the formal categorical approach, the defendant's earlier conviction is <u>not</u> a violent felony.

## II.

These recent Supreme Court cases tell us that a § 812.13 unarmed robbery conviction sustained while <u>McCloud</u> was controlling Florida law does not fall within the ACCA's elements clause. First, heeding the Supreme Court's instruction that we should "turn[] to the version" of § 812.13 that a defendant was "actually convicted of violating," <u>McNeill</u>, 563 U.S. at 821, 131 S. Ct. at 2222, we must look to what the Florida state courts said about the conduct that could support a robbery conviction under § 812.13 at the time the defendant was convicted. More to the point, we must look to how Florida courts defined the least culpable conduct—in this case, the smallest degree of force—sufficient to support a § 812.13 robbery conviction at that time.

Section 812.13 defines robbery as the taking of money or property with intent to deprive when "in the course of the taking there is the use of force, violence, assault, or putting in fear." From 1976 to 1997, the controlling precedent from the Florida Supreme Court held that "[a]ny degree of force suffices to convert larceny into a robbery." <u>McCloud</u>, 335 So. 2d at 258 (emphasis added). So during that time period, Florida law was clear that conduct involving "any degree of force," like sudden snatching, was enough to justify a robbery conviction.

9

In keeping with the deference federal courts owe states' interpretations of their own criminal statutes, this Court has recognized and accepted Florida's view of what it took to sustain a conviction under the Florida robbery statute when McCloud was the controlling precedent. In United States v. Welch, 683 F.3d 1304 (11th Cir. 2012), this Court used the formal categorical approach to determine that sudden snatching was the least culpable conduct that could support a 1996 Florida robbery conviction. Id. at 1311–12. This decision was necessary to Welch's holding that the 1996 Florida robbery conviction was categorically a violent felony under the residual clause. Id. at 1313–14. Our precedent therefore binds us to Welch's conclusion that sudden snatching was the least culpable conduct covered by § 812.13 when McCloud was the controlling Florida case defining that statute.

Having identified the least culpable conduct, we are next required to decide whether this conduct necessarily involves the use, attempted use, or threatened use of violent force or a substantial degree of force. It doesn't. Sudden snatching with "any degree of force," McCloud, 335 So. 2d at 258, plainly does not require the use of "a substantial degree of force." Owens, 672 F.3d at 971. Neither does it necessarily entail "violent force—that is, force capable of causing physical pain or injury to another person." Curtis Johnson, 559 U.S. at 140, 130 S. Ct. at 1271. This means a conviction for Florida unarmed robbery during the time McCloud

10

was controlling should not count as a violent felony within the meaning of the elements clause.

### III.

In reaching its (erroneous) conclusion that a 1989 armed robbery conviction under § 812.13 falls within the elements clause under the formal categorical approach, the Fritts panel sidestepped McCloud's "any degree of force" holding by looking instead to our own court's previous decision in United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011). See Fritts, 841 F.3d at 940–42. And when it did, that panel stretched Lockley well past its limits.

Lockley held that a 2001 Florida attempted robbery conviction under § 812.13(1) categorically counts as a "crime of violence" within the meaning of the identically-worded elements clause of the Sentencing Guidelines. See 632 F.3d at 1240–41, 1244–45. But Lockley looked to Florida law as it existed in 2001, when Mr. Lockley was convicted, and not as it existed in 1989, when Mr. Fritts was convicted. Id. at 1240 n.1, 1242. Again, the year of conviction matters because the least culpable conduct sufficient to support a robbery conviction under Fla. Stat. § 812.13 changed in 1997. As I've set out above, the controlling Florida Supreme Court case from 1976 to 1997 (McCloud) held that conduct involving "any degree of force," was enough for a robbery conviction. 335 So. 2d at 258. However, in 1997 the Florida Supreme Court shifted course and held that robbery

11

requires the perpetrator to use "more than the force necessary to remove the property from the person"—that is, "physical force" that "overcome[s]" the "resistance [of] the victim."  Robinson, 692 So. 2d at 886.

A Florida robbery conviction could no longer be supported by "any degree of force" after the Florida Supreme Court decided Robinson in 1997.  For that reason, the Lockley court correctly identified "[p]utting in fear"—and not sudden snatching—as the least culpable conduct in its categorical analysis of Mr. Lockley's 2001 attempted robbery conviction.  632 F.3d at 1244.  But again, the Supreme Court has told us to look at what state courts required for a conviction at the time of that conviction.  See McNeill, 563 U.S. at 821, 131 S. Ct. at 2222.  And our 2011 federal court ruling doesn't change the fact that before the 1997 Florida Supreme Court ruling in Robinson the least culpable conduct for which someone could be convicted of robbery in Florida was sudden snatching with any degree of force.  Lockley looked, as it should have, to a different time, so it did not apply to Mr. Fritts's appeal and has no bearing on any robbery convictions sustained while the Florida Supreme Court's 1976 ruling in McCloud was still good law.

The Fritts panel insisted that Lockley isn't limited to post-Robinson robberies—but instead applies to all Florida robberies—because § 812.13 has never included sudden snatching.  Fritts, 841 F.3d at 943.  As support, it pointed to language in Robinson suggesting that § 812.13 has always required more than

12

sudden snatching.  Id.  It also emphasized that when the Florida Supreme Court interprets a Florida statute, "it tells us what that statute always meant."  Id.  But again, this reasoning ignores what the Supreme Court told us about how to conduct the categorical analysis.[1]  See McNeill, 563 U.S. at 821, 131 S. Ct. at 2222 ("The only way to answer this backward-looking question is to consult the law that applied at the time of that conviction.").  McCloud was controlling Florida Supreme Court law from 1976 to 1997, and it said "any degree of force" could support a robbery conviction.  335 So. 2d at 258.  Regardless of how the Florida Supreme Court characterized McCloud in its Robinson decision, there is no erasing the fact that conduct involving minimal force was prosecuted as robbery when McCloud was the controlling precedent.  See, e.g., Santiago v. State, 497 So. 2d 975, 976 (Fla. 4th DCA 1986) (upholding a robbery conviction because robbery required only "ever so little" force).

Another problem with Fritts's reliance on Robinson for the proposition that § 812.13 has never included sudden snatching is that it was plainly foreclosed by our own decision in Welch.  In looking to the version of § 812.13 under which Mr. Welch was convicted, the Welch panel acknowledged and even discussed

---

[1] It's generally true that when a court interprets a statute it tells us what the statute has always meant.  But here our interest is not in divining the true meaning of § 812.13. Rather, our interest is in understanding what conduct could have resulted in convictions under the statute between 1976 and 1997, even if Florida courts were misinterpreting the statute during that time.

13

Robinson, but it did not adopt Robinson's suggestion that sudden snatching had never been sufficient to support a conviction under § 812.13. Welch, 683 F.3d at 1311–12. Rather, it identified sudden snatching as the least culpable conduct for which a person could be convicted under the statute because Mr. Welch pleaded guilty in 1996—before Robinson was decided. Id. And 1996 was "a time when the controlling Florida Supreme Court authority held that 'any degree of force' would convert larceny into a robbery." Id. at 1311 (quoting McCloud, 335 So. 2d at 258–59).

*    *    *

Fritts was wrong to suggest that all unarmed robbery convictions under Fla. Stat. § 812.13 are violent felonies as defined by ACCA's elements clause because use of "any degree of force" could support a § 812.13 conviction from 1976 to 1997. This mistake will continue to have enormous consequences for many criminal defendants who come before our Court. For that reason, and even though Fritts's mistakes do not affect Mr. Stokeling, I feel compelled to explain the error in Fritts's statement, relied on here by the majority, that § 812.13 "has never included a theft or taking by mere [sudden] snatching." Fritts, 841 F.3d at 942.