MARTIN, Circuit Judge,
concurring:
I agree with the majority that our Circuit precedent dictates that Mr. Stokel-ing’s prior robbery conviction under Fla. Stat. § 812.13 qualifies as a violent felony as that term is defined by the elements clause of the Armed Career Criminal Act (“ACCA”). 18 U.S.C. § 924(e). See United States v. Fritts, 841 F.3d 937, 943-44 (11th Cir. 2016). However, I believe Fritts was wrongly decided.
The Fritts panel did not engage in the categorical analysis the Supreme Court instructed us to use when deciding whether a person’s prior conviction requires a longer sentence under ACCA. When it turned its back on the required categorical approach, the Fritts panel failed to give proper deference to McCloud v. State, 335 So.2d 257 (Fla. 1976), the controlling Florida Supreme Court case interpreting § 812.13 from 1976 to 1997. In McCloud, Florida’s highest court held that taking by “any degree of force” was sufficient to justify a robbery conviction. Id. at 258-59 (emphasis added). The result of the mistakes in Fritts is that people like Mr. Fritts will serve longer pi-ison sentences that are not authorized by law. Although Mr. Stokeling is not one of those people (he was convicted after the Florida Supreme Court decided Robinson v. State, 692 So.2d 883 (Fla. 1997), which abrogated McCloud’s “any degree of force” holding), our reliance on Fritts here gives me the opportunity to talk about what went wrong in that case and why it matters.
I.
The ACCA caps a federal prison sentence for a felon in possession of a firearm at ten years. 18 U.S.C. § 924(a)(2). That is except when the felon has three or more felony convictions, and those felonies are violent or are otherwise serious crimes, his sentence cannot be less than fifteen years. Id. § 924(e). The ACCA defines “violent felony” in more than one way. Id. § 924(e)(2)(B). The Supreme Court has told us that one of those definitions—the “residual clause”—is unconstitutionally vague. Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 2557-58, 192 L.Ed.2d 569 (2015). As a result, a person’s prior robbery conviction can serve as a basis for an ACCA sentence enhancement only if it meets another definition of “violent felony” from what is known as ACCA’s “elements clause.” 18 U.S.C. § 924(e)(2)(B)(i) (“As used in this subsection ... the term ‘violent felony1 means any crime punishable by imprisonment for a term exceeding one year ... that has as an element the use, attempted use, or threatened use of physical force against the person of another.”). So a prior robbery conviction can serve as an ACCA predicate only if it has “as an element the use, attempted use, or threatened use of physical force against the person of another.” Id.
When deciding whether a person’s prior conviction qualifies as one requiring a longer sentence under ACCA, courts must first apply what is called the formal categorical approach. Under this approach, we do not look at the facts that resulted in the earlier conviction. Descamps v. United States, 570 U.S. -, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). Instead, Supreme Court precedent requires us to look only to *873 the elements of the statute under which the person was convicted. See Mathis v. United States. 579 U.S. -, 136 S.Ct. 2243, 2251, 195 L.Ed.2d 604 (2016). We must decide whether, in order to be convicted under a given statute, a person was required to use, attempt to use, or threaten to use physical force against another person.
In keeping with this, I will apply the formal categorical approach to decide whether a conviction under § 812.13 counts as a violent felony under the ACCA. If a defendant could have been convicted under § 812.13 without the use, attempted use, or threatened use of “violent force,” Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 1271, 176 L.Ed.2d 1 (2010) (interpreting “physical force” in the elements clause), or a “substantial degree of force,” United States v. Owens, 672 F.3d 966, 971 (11th Cir. 2012) (holding that second-degree rape in Alabama doesn’t require “physical force” as defined by Curtis Johnson), against another person, then that defendant’s prior conviction under § 812.13 can’t be a “violent felony” under the ACCA’s elements clause.
In recent years, the Supreme Court has clarified the analytical steps that make up the formal categorical approach. In taking that approach, we must first “presume that the conviction rested upon nothing more than the least of the acts criminalized” by the state statute. Moncrieffe v. Holder, 569 U.S. 184, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) (alterations adopted and quotation omitted). This is often referred to as the “least culpable conduct.” See Donawa v. U.S. Att’y Gen., 735 F.3d 1275, 1283 (11th Cir. 2013) (citing Moncrieffe, 133 S.Ct. at 1685). To identify the least culpable conduct criminalized by the statute, we look to the state courts’ interpretations of the statute. See Curtis Johnson, 559 U.S. at 138, 130 S.Ct. 1265 (“We are [ ] bound by the Florida Supreme Court’s interpretation of state law ... in determining whether a felony conviction for battery under Fla. Stat. § 784.03(2) meets the definition of ‘violent felony’ in 18 U.S.C. § 924(e)(2)(B)(i).”); see also United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) (“[W]e look to Florida case law to determine whether a conviction under § 787.02 necessarily involves the employment of ‘physical force’ as that term is defined by federal law.”). And as part of this step, we have to analyze “the version of state law that the defendant was actually convicted of violating.” McNeill v. United States, 563 U.S. 816, 821, 131 S.Ct. 2218, 2222, 180 L.Ed.2d 35 (2011).
Second, after identifying the least culpable conduct, we then have to figure out whether “those acts are encompassed by the generic federal offense.” Moncrieffe, 133 S.Ct. at 1684 (alteration adopted). In the elements clause context, this means we examine whether the least culpable conduct involved the use, attempted use, or threatened use of violent force or a substantial degree of force. If it didn’t, then under the formal categorical approach, the defendant’s earlier conviction is not a violent felony.
II.
These recent Supreme Court cases tell us that a § 812.13 unarmed robbery conviction sustained while McCloud was controlling Florida law does not fall within the ACCA’s elements clause. First, heeding the Supreme Court’s instruction that we should “turn[ ] to the version” of § 812.13 that a defendant was “actually convicted of violating,” McNeill, 563 U.S. at 821, 131 S.Ct. at 2222, we must look to what the Florida state courts said about the conduct that could support a robbery conviction under § 812.13 at the time the defendant *874 was convicted. More to the point, we must look to how Florida courts defined the least culpable conduct—in this case, the smallest degree of force—sufficient to support a § 812.13 robbery conviction at that time.
Section 812.13 defines robbery as the taking of money or property with intent to deprive when “in the course of the taking there is the use of force, violence, assault, or putting in fear.” From 1976 to 1997, the controlling precedent from the Florida Supreme Court held that “[a]ny degree of force suffices to convert larceny into a robbery.” McCloud, 335 So.2d at 258 (emphasis added). So during that time period, Florida law was clear that conduct involving “any degree of force,” like sudden snatching, was enough to justify a robbery conviction.
In keeping with the deference federal courts owe states’ interpretations of their own criminal statutes, this Court has recognized and accepted Florida’s view of what it took to sustain a conviction under the Florida robbery statute when McCloud was the controlling precedent. In United States v. Welch, 683 F.3d 1304 (11th Cir. 2012), this Court used the formal categorical approach to determine that sudden snatching was the least culpable conduct that could support a 1996 Florida robbery conviction. Id. at 1311-12. This decision was necessary to Welch’s holding that the 1996 Florida robbery conviction was categorically a violent felony under the residual clause. Id. at 1313-14. Our precedent therefore binds us to Welch’s conclusion that sudden snatching was the least culpable conduct covered by § 812.13 when McCloud was the controlling Florida case defining that statute.
. Having identified the least culpable conduct, we are next required to decide whether this conduct necessarily involves the use, attempted use, or threatened use of violent force or a substantial degree of force. It doesn’t. Sudden snatching with “any degree of force,” McCloud, 335 So.2d at 258, plainly does not require the use of “a substantial degree of force.” Owens, 672 F.3d at 971. Neither does it necessarily entail “violent force—that is, force capable of causing physical pain or injury to another person.” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. at 1271. This means a conviction for Florida unarmed robbery during the time McCloud was controlling should not count as a violent felony within the meaning of the elements clause.
III.
In reaching its (erroneous) conclusion that a 1989 armed robbery conviction under § 812.13 falls within the elements clause under the formal categorical approach, the Fritts panel sidestepped McCloud’s “any degree of force” holding by looking instead to our own court’s previous decision in United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011). See Fritts, 841 F.3d at 940-42. And when it did, that panel stretched Lockley well past its limits.
Lockley held that a 2001 Florida attempted robbery conviction under § 812.13(1) categorically counts as a “crime of violence” within the meaning of the identically-worded elements clause of the Sentencing Guidelines. See 632 F.3d at 1240-41, 1244-45. But Lockley looked to Florida law as it existed in 2001, when Mr. Lockley was convicted, and not as it existed in 1989, when Mr. Fritts was convicted. Id. at 1240 n.1, 1242. Again, the year of conviction matters because the least culpable conduct sufficient to support a robbery conviction under Fla. Stat. § 812.13 changed in 1997. As I’ve set out above, the controlling Florida Supreme Court case from 1976 to 1997 (McCloud) held that conduct involving “any degree of force,” was enough for a robbery conviction. 335 *875 So.2d at 258. However, in 1997 the Florida Supreme Court shifted course and held that robbery requires the perpetrator to use “more than the force necessary to remove the property from the person”— that is, “physical force” that “overeome[sj” the “resistance [of] the victim.” Robinson, 692 So.2d at 886.
A Florida robbery conviction could no longer be supported by “any degree of force” after the Florida Supreme Court decided Robinson in 1997. For that reason, the Lockley court correctly identified “[p]utting- in fear”—and not sudden snatching—as the least culpable conduct in its categorical analysis of Mr. Lockley’s 2001 attempted robbery conviction. 632 F.3d at 1244. But again, the Supreme Court has told us to look at what state courts required for a conviction at the time of that conviction. See McNeill, 563 U.S. at 821, 131 S.Ct. at 2222. And our 2011 federal court ruling doesn’t change the fact that before the 1997 Florida Supreme Court ruling in Robinson the least culpable conduct for which someone could be convicted of robbery in Florida was sudden snatching with any degree of force. Lockley looked, as it should have, to a different time, so it did not apply to Mr. Fritts’s appeal and has no bearing on any robbery convictions sustained while the Florida Supreme Court’s 1976 ruling in McCloud was still good law.
The Fritts panel insisted that Lockley isn’t limited to post-Robinson robberies— but instead applies to all Florida robberies—because § 812.13 has never included sudden snatching. Fritts, 841 F.3d at 943. As support, it pointed to language in Robinson suggesting that § 812.13 has always required more than sudden snatching. Id. It also emphasized that when the Florida Supreme Court interprets a Florida statute, “it tells us what that statute always meant.” Id. But again, this reasoning ignores what the Supreme Court told us about how to conduct the categorical analysis.[1] See McNeill, 563 U.S. at 821, 131 S.Ct. at 2222 (“The only way to answer this backward-looking question is to consult the law that applied at the time of that conviction.”). McCloud was controlling Florida Supreme Court law from 1976 to 1997, and it said “any degree of force” could support a robbery conviction. 335 So.2d at 258. Regardless of how the Florida Supreme Court characterized McCloud in its Robinson decision, there is no erasing the fact that conduct involving minimal force was prosecuted as robbery when McCloud was the controlling precedent. See, e.g., Santiago v. State, 497 So.2d 975, 976 (Fla. 4th DCA 1986) (upholding a robbery conviction because robbery required only “ever so little” force).
Another problem with Fritts’s reliance on Robinson for the proposition that § 812.13 has never included sudden snatching is that it was plainly foreclosed by our own decision in Welch. In looking to the version of § 812.13 under which Mr. Welch was convicted, the Welch panel acknowledged and even discussed Robinson, but it did not adopt Robinson’s suggestion that sudden snatching had never been sufficient to support a conviction under § 812.13. Welch, 683 F.3d at 1311-12. Rather, it identified sudden snatching as the least culpable conduct for which a person could be convicted under the statute because Mr. Welch pleaded guilty in 1996—before Robinson was decided. Id. And 1996 was “a time when the controlling *876 Florida Supreme Court authority held that ‘any degree of force’ would convert larceny into a robbery.” Id. at 1311 (quoting McCloud, 335 So.2d at 258-59).
* ⅜
Fritts was wrong to suggest that all unarmed robbery convictions under Fla. Stat. § 812.13 are violent felonies as defined by ACCA’s elements clause because use of “any degree of force” could support a § 812.13 conviction from 1976 to 1997. This mistake will continue to have enormous consequences for many criminal defendants who come before our Court. For that reason, and even though Fritts’s mistakes do not affect Mr. Stokeling, I feel compelled to explain the error in Fritts’s statement, relied on here by the majority, that § 812.13 “has never included a theft or taking by mere [sudden] snatching.” Fritts, 841 F.3d at 942.

. It’s generally true that when a court interprets a statute it tells us what the statute has always meant. But here our interest is not in divining the true meaning of § 812.13. Rather, our interest is in understanding what conduct could have resulted in convictions under the statute between 1976 and 1997, even if Florida courts were misinterpreting the statute during that time.